**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security       0 Assumption of Executory Contract or Unexpired Lease       0 Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  Kellie M Glavin

Case No..: 17-23402
Judge: Stacey L. Meisel

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original                    ■ Modified/Notice Required            Date: September 25, 2018
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ■ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  RLL          Initial Debtor:  KMG          Initial Co-Debtor  _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay  150.00 Monthly  to the Chapter 13 Trustee, starting on  August 1, 2017  for approximately 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ■ Loan modification with respect to mortgage encumbering property:
  Description: All arrears will be part of the loan modification procedure for property location: 131 Teaneck Road, Teaneck, New Jersey 07666
  Proposed date for completion:  April 1, 2018

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection  ■ NONE

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ 2,746.98 monthly  to be paid directly by the debtor(s) outside the Plan, pre-confirmation to:  FAYFINANCIAL  (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Marie Ann Greenberg | Administrative | 900.00 |
| Russell L. Low 4745 | Attorney Fees | 3,000.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
■ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☐ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Ditech Financial LLC | 1616 Kennedy Blvd. Union City, NJ 07087  Hudson County<br>Partial interest with ex husband-50%; however Debtor surrenders all interest on the property<br>Ex husband resides at the property and second floor is vacant | 0.00 | 0.00 |
| MERIDIAN FIN | Km 5.8, Blvd. Kukulcan, Zona Hotelera Cancun, Q.R, Mexico 77500<br>Sunset Marina Resort - Debtor surrenders all interest on timeshare | 0.00 | 0.00 |
| MERIDIAN FIN | Km 5.8, Blvd. Kukulcan, Zona Hotelera Cancun, Q.R, Mexico 77500<br>Sunset Marina Resort - Debtor surrenders all interest on timeshare | 0.00 | 0.00 |
| REAL TIME RESOLUTIONS | 1616 Kennedy Blvd. Union City, NJ 07087  Hudson County<br>Partial interest with ex husband-50%; however Debtor surrenders all interest on the property<br>Ex husband resides at the property and second floor is vacant | 0.00 | 0.00 |

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

Creditor
SANTANDER CONSUMER USA

### g. Secured Claims to be Paid in Full Through the Plan ■ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

**Part 5:  Unsecured Claims         ■ NONE**

4

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
- ☐ Not less than $_____ to be distributed *pro rata*
- ☐ Not less than _____ percent
- ☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions    ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ■ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and

5

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| to void liens on collateral consistent with Part 4 above: | | | | | | |

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   - ■ Upon Confirmation
   - ☐ Upon Discharge

b. **Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) Other Administrative Claims
   3) Secured Claims
   4) Lease Arrearages
   5) Priority Claims
   6) General Unsecured Claims

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification    ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: March 13, 2018.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The Plan is being modified because the debtor needs additional time to complete a loan modification. | The Plan is being modified by extending the deadline to obtain a |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
■ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: September 25, 2018        /s/ Kellie M Glavin
                                Kellie M Glavin
                                **Debtor**

Date: _____    _____
                                **Joint Debtor**

Date  September 25, 2018        /s/ Russell L. Low
                                Russell L. Low 4745
                                **Attorney for the Debtor(s)**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 17-23402-SLM
Kellie M Glavin                                                     Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2        User: admin           Page 1 of 2         Date Rcvd: Sep 26, 2018
                            Form ID: pdf901       Total Noticed: 30

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 28, 2018.
```
db             +Kellie M Glavin,    131 Teaneck Road,    Teaneck, NJ 07666-3835
cr             +SN Servicing Corporation,    Friedman Vartolo LLP,    85 Broad Street,   Suite 501,
                 New York, NY 10004-1734
cr             +U.S. BANK NATIONAL ASSOCIATION,     Robertson, Anschutz & Schneid, P.L.,
                 6409 Congress Avenue, Suite 100,    Boca Raton, FL  33487,    UNITED STATES 33487-2853
516913759     ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: BK OF AMER,    PO BOX 982238,    EL PASO, TX 79998)
516913760      +CHASE CARD,    PO BOX 15298,    WILMINGTON, DE 19850-5298
516913763      +CHASE MTG,    PO BOX 24696,    COLUMBUS, OH 43224-0696
517021331   ++++DITECH FINANCIAL LLC,,    332 MINNESOTA ST STE E610,    SAINT PAUL MN  55101-1311
               (address filed with court: Ditech Financial LLC,,     332 Minnesota St.,   Ste. 610,
                 Saint Paul, MN 55101)
516913765      +DSNB BLOOM,    9111 DUKE BLVD,    MASON, OH 45040-8999
517166012       Emergency Physicians Services of NJ, PA,     PO Box 1123,   Minneapolis MN 55440-1123
516913766      +FAY FINANCIAL,    939 W NORTH AVE,    CHICAGO, IL 60642-7138
517189225      +Fay Servicing, LLC,    3000 Kellway Drive,    Suite 150,    Carrollton, TX 75006-3357
517021335       Keil & Sons Inc,,    1 Old Bergen Blvd,,    Fairview, NJ 07022
516913767      +MERIDIAN FIN,    1636 HENDERSONVILLE RD S,    ASHEVILLE, NC 28803-3197
517021332      +PSEG,,    PO Box 14444,    New Brunswick, NJ 08906-4444
516913769      +REAL TIME RESOLUTIONS,    4909 SAVARESE CIR,    TAMPA, FL 33634-2413
517021334      +Retail Recovery Service of NJ,,    190 Moore Street,    Ste. 201,   Hackensack, NJ 07601-7418
516957048      +SANTANDER CONSUMER USA,    P.O. Box 560284,    Dallas, TX 75356-0284
516913770      +SANTANDER CONSUMER USA,    PO BOX 961245,    FT WORTH, TX 76161-0244
517021336      +Stephen Glavin,    1616 Kennedy Blvd,    Union City, New Jersey 07087-1912
517021333      +Suez Water,    69 Devoe Place,    Hackensack, NJ 07601-6105
517189235      +U.S. ROF IV Legal Title Trust 2015-1,     Fay Servicing LLC,   3000 Kellway Dr Ste 150,
                 Carrollton TX 75006-3357
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 27 2018 00:30:00      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 27 2018 00:29:56      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517130530       E-mail/Text: bkdepartment@rtresolutions.com Sep 27 2018 00:30:11
                 Real Time Resolutions, Inc.,    1349 Empire Central Drive, Suite #150,
                 Dallas, Texas 75247-4029
516913771      +E-mail/PDF: gecsedi@recoverycorp.com Sep 27 2018 00:32:59      SYNCB/CARE CREDIT,
                 PO BOX 965036,    ORLANDO, FL 32896-5036
516913772      +E-mail/PDF: gecsedi@recoverycorp.com Sep 27 2018 00:33:37      SYNCB/LORD & TAY,    PO BOX 965015,
                 ORLANDO, FL 32896-5015
516913773      +E-mail/PDF: gecsedi@recoverycorp.com Sep 27 2018 00:33:37      SYNCB/PAYPAL SMART CON,
                 PO BOX 965005,    ORLANDO, FL 32896-5005
517338919      +E-mail/Text: bknotices@snsc.com Sep 27 2018 00:30:49      US Bank Trust National Association,
                 c/o SN Servicing Corporation,    323 5th Street,    Eureka CA 95501,
                 US Bank Trust National Association,    c/o SN Servicing Corporation 95501-0305
517338918      +E-mail/Text: bknotices@snsc.com Sep 27 2018 00:30:49      US Bank Trust National Association,
                 c/o SN Servicing Corporation,    323 5th Street,    Eureka CA 95501-0305
517048567      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 27 2018 00:33:18      Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                               TOTAL: 9
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517189224       U.S. ROF IV Legal Title Trust 2015-1
517189227       U.S. ROF IV Legal Title Trust 2015-1
516913761*     +CHASE CARD,    PO BOX 15298,    WILMINGTON, DE 19850-5298
516913762*     +CHASE CARD,    PO BOX 15298,    WILMINGTON, DE 19850-5298
516913764*     +CHASE MTG,    P.O. BOX 24696,    COLUMBUS, OH 43224-0696
517189228*     +Fay Servicing, LLC,    3000 Kellway Drive,    Suite 150,    Carrollton, TX 75006-3357
516913768*     +MERIDIAN FIN,    1636 HENDERSONVILLE RD S,    ASHEVILLE, NC 28803-3197
                                                                                   TOTALS: 2, * 5, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

```
District/off: 0312-2              User: admin              Page 2 of 2              Date Rcvd: Sep 26, 2018
                                  Form ID: pdf901          Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 28, 2018                                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 25, 2018 at the address(es) listed below:
          Jonathan C. Schwalb    on behalf of Creditor    SN Servicing Corporation
           bankruptcy@friedmanvartolo.com
          Kevin M. Buttery    on behalf of Creditor    U.S. ROF IV Legal Title Trust 2015-1, By U.S. Bank
           National Association, As Legal Title Trustee bkyefile@rasflaw.com
          Laura M. Egerman    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION bkyecf@rasflaw.com,
           bkyecf@rasflaw.com;legerman@rasnj.com
          Marie-Ann Greenberg    magecf@magtrustee.com
          Rebecca Ann Solarz    on behalf of Creditor    U.S. ROF IV Legal Title Trust 2015-1, By U.S. Bank
           National Association, As Legal Title Trustee rsolarz@kmllawgroup.com
          Russell L. Low    on behalf of Debtor Kellie M Glavin rbear611@aol.com,
           ecf@lowbankruptcy.com;r57808@notify.bestcase.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```